**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

MARBLEGATE ASSET MANAGEMENT, LLC,
MARBLEGATE SPECIAL OPPORTUNITIES
MASTER FUND, L.P., MAGNOLIA ROAD
CAPITAL LP, and MAGNOLIA ROAD GLOBAL
CREDIT MASTER FUND L.P.,

                     Plaintiffs,

    -against-

EDUCATION MANAGEMENT CORPORATION,
EDUCATION MANAGEMENT LLC, and
EDUCATION MANAGEMENT FINANCE CORP.,

                     Defendants.

Civil Action No. 14 Civ. 08584 (KPF)

---

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION**
**OF THE STEERING COMMITTEE FOR THE AD HOC COMMITTEE**
**OF TERM LOAN LENDERS OF EDUCATION MANAGEMENT LLC**
**TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a)(2) AND 24(b)(1)(B)**

The Steering Committee (the "Steering Committee")[1] for the Ad Hoc Committee of Term

Loan Lenders of Education Management LLC (the "Committee")[2] hereby moves pursuant to

Federal Rule of Civil Procedure 24(a)(2) to extend its intervention as of right in the above-

---

[1]  The following creditors are members of the Steering Committee: KKR Credit Advisors (US)
LLC, Oak Hill Advisors, LP, Oaktree Capital Management, L.P., Regiment Capital Advisors,
LP, and Centerbridge Partners, L.P., each and on behalf of certain funds or accounts that it
manages or advises.  HG Vora Capital Management, LLC participated in the Steering
Committee's original intervention, but is no longer a member of the Steering Committee for
purposes of this continuing intervention.  The Steering Committee does not believe that any
other members of the Committee will seek to intervene in this litigation.

[2]  Prior to the closing of the Article 9 sale ("Article 9 Sale") at issue in this litigation, members of
the Committee itself collectively held or controlled no less than $836 million of the secured debt
owed to the Lenders by the Company.

captioned matter.  In the alternative, the Steering Committee moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

## PRELIMINARY STATEMENT

The Steering Committee previously moved to intervene in the above-captioned matter for the limited purpose of participating in the Court's consideration of Plaintiffs' motion seeking to enjoin Education Management Corporation and certain of its subsidiaries (collectively, "EDMC" or the "Company") from consummating a carefully negotiated restructuring transaction between the Company and the vast majority of its creditors, among others (the "Injunction Motion").  *See* Mot. Intervene Nov. 5, 2014 (Dkt. No. 19).  That initial intervention motion was granted by this Court.  *See* Order Granting Mot. Intervene Nov. 6, 2014 (Dkt. No. 23).

The Steering Committee now seeks to extend its intervention in this litigation beyond the resolution of the Injunction Motion.  The Steering Committee's continued participation in the litigation is necessary because the Committee's money continues to be at stake in this litigation. The funds at issue were, ultimately, intended to be part of the bargained-for consideration provided to the members of the Committee and the Company's other creditors in exchange for the concessions they made in connection with the Company's proposed restructuring.

Furthermore, following this Court's issuance of its Amended Order and Opinion (the "Order") denying the Injunction Motion, the Company failed to take the steps required under Section 10.06 of the indenture dated as of March 5, 2013 (the "Indenture") to effect the release of the guarantee provided by Education Management Corporation in favor of holders of certain Senior Cash Pay/PIK Notes due in 2018 (the "Parent Guarantee").  While the parties have otherwise closed the Article 9 Sale, the Parent Guarantee remains in place and the Company has instead obligated itself, as part of the Article 9 Sale, to release the Parent Guarantee in the future

to the extent that the release complies with applicable law.  The Company's failure to release the Parent Guarantee runs directly counter to the automatic release provision of the Indenture and to the Company's obligations to its creditors under the Restructuring Support Agreement pursuant to which the Article 9 Sale was consummated.  *See* Order Denying Mot. Prelim. Inj. Dec. 15, 2014, at 7 (analyzing Section 10.06(a)(ii) of the indenture governing Plaintiffs' notes).

Thus, the Steering Committee respectfully requests that it be permitted to continue its intervention in this litigation until a final order is issued resolving the claims at issue in this litigation.

Defendants have consented to the Steering Committee's intervention.  Plaintiffs have taken no position regarding the Steering Committee's intervention.

## **BACKGROUND**[3]

On December 15, 2014, the Court issued an Order denying Plaintiffs' Injunction Motion. *See* Order Denying Mot. Prelim. Inj. Dec. 15, 2014.  Thereafter, the Company and its creditors proceeded to complete the Article 9 Sale, with the Company agreeing only to release the Parent Guarantee in the future to the extent the release complies with applicable law.  In addition, as a part of the transfer of assets to a newly formed subsidiary of EDMC ("New EDMC"), the Indenture was amended to state that New EDMC will also guarantee Plaintiffs' Notes until the Parent Guarantee is released.  Should the Court determine that the removal of the Parent Guarantee does not violate Plaintiffs' rights under the Trust Indenture Act, the Company will take the steps necessary to cause both the Parent Guarantee and New EDMC's guarantee to be released.  In the interim, Plaintiffs will retain their ability to enforce the Parent Guarantee.

---

[3] The background of this litigation predating the Court's consideration of the Injunction Motion was previously described in the Steering Committee's first motion to intervene.  *See* Mot. Intervene No. 5, 2014 (Dkt. No. 19).

Substantially all of the Company's creditors other than Plaintiffs participated in the Article 9 sale, agreeing to take reduced recoveries in order to ensure the Company's ongoing viability.  In connection with the Article 9 Sale, the secured lenders, among other things, released their parent guarantee, and exchanged their secured loans to the Company for a combination of equity in New EDMC and loans to New EDMC, in an amount greatly reduced from the amount of debt held by the Company prior to the Article 9 Sale.  Pursuant to Section 10.06 of the Indenture, the release of the parent guarantee by the Company's secured lenders should have automatically released the Parent Guarantee.

Allowing Marblegate's notes to retain their Parent Guarantee will harm the members of the Steering Committee.  The Company has been required to set aside funds sufficient to cover its potential future payments to Marblegate under the terms of the Notes.  Absent Marblegate's claim, these funds would have inured to the benefit of the overwhelming majority of the Company's creditors who supported the Article 9 Sale, including the members of the Steering Committee.

The Steering Committee therefore respectfully requests that the Court grant this intervention motion.

## ARGUMENT

### I.    The Steering Committee Is Entitled To Intervene As Of Right

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right when: (i) the request is timely; (ii) the proposed intervenor has property or an interest at issue; (iii) the disposition of the action may impair the proposed intervenor's ability to protect that interest; and (iv) the proposed intervenor's interest is not adequately represented or protected by the existing

parties.  The Steering Committee's request satisfies these factors, and the Steering Committee should therefore be permitted to intervene in the instant matter as a matter of right.

### A.  The Steering Committee's Request Is Timely

The timeliness of a motion to intervene is measured by: (i) the length of time the applicant had notice of his interest before making a motion to intervene; (ii) the prejudice to the existing parties from any delay; (iii) the prejudice to the applicant if the motion is denied, and (iv) any unusual circumstances militating for or against a finding of timeliness.  *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987) (lapse of 15 months between notice of interest and filing, prejudice resulting to named defendant, and unusual circumstances all rendered motion untimely).

Here, the Steering Committee's request is timely.  This motion is filed a mere day after the closing of the Article 9 Sale left the Parent Guarantee in place.  Further, given the integral role of the Steering Committee in the Company's restructuring and the prior proceedings in this case, no party could reasonably claim surprise or prejudice from the timing of the Steering Committee's request to intervene.

### B.  The Steering Committee Has Property At Issue

Under Rule 24(a)(2), a party's "interest" must pertain to the property or transaction that comprises "the subject of the action."  *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, No. 96 Civ. 2064, 1996 U.S. Dist. LEXIS 8847, at *9 (S.D.N.Y. June 25, 1996).  The interest must be "significantly protectable and direct as opposed to remote and contingent."  *United States v. State of New York*, 820 F.2d at 558; s*ee also New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992) (an intervenor's interest must be "direct, substantial, and legally protectable").

The members of the Steering Committee have a direct and substantial interest in this litigation. Through the RSA, the members of the Steering Committee bargained for consideration (including their equity interest in New EDMC) undiluted by the Parent Guarantee. Should the Plaintiffs ultimately prevail in this action, and/or the Company declines to effect the release of the Parent Guarantee, the value of the interests that the Steering Committee members received as part of the Article 9 Sale will be diminished. In short, if Plaintiffs' claims are successful, the members of the Steering Committee will receive less than their bargained-for consideration in the restructuring.

## C. The Disposition Of Plaintiffs' Motion Will Impair The Steering Committee's Interests

An intervenor "need not demonstrate that a substantial impairment of its interest will result," just that there is a risk of practical harm by a judgment in a pending action. *Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87 Civ. 0675, 1990 U.S. Dist. LEXIS 15762, at *13 (S.D.N.Y. Nov. 20, 1990). A party's interests have been found to be impaired when its "continuing ability to protect and enforce … contract provisions [was] impaired or impeded by the [action]." *EEOC v. AT&T*, 506 F.2d 735, 742 (3d Cir. 1974).

As discussed above, in connection with the Article 9 Sale, the Company obligated itself to release the Parent Guarantee to the extent the release would comply with applicable law. Disposition of this action will directly affect this obligation, because this action will determine whether the release of the guarantee conflicts with the Trust Indenture Act.

## D. The Steering Committee's Interest Is Not Adequately Represented By Another Party To The Litigation

The burden for showing inadequate representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Here, the interests of the Company and the

Committee are not perfectly aligned.  The Company's failure to release the Parent Guarantee

runs directly counter to its obligations to the members of the Steering Committee, and the

Steering Committee has reserved its rights to compel the Company to release the guarantee

granted by New EDMC.

**II.    In The Alternative, The Steering Committee Should Be Permitted To Intervene**

Under Federal Rule of Civil Procedure 24(b)(1)(B), a party may permissively intervene

when the intervenor's "claim or defense shares a question of law or fact with the main action."

*McNeill v NY City Hous. Auth.*, 719 F.Supp. 233, 250 (S.D.N.Y. 1989); *see also A&P v. Town of*

*E. Hampton*, 178 F.R.D. 39, 44 (E.D.N.Y. 1998) (finding shared question of law when intervenor

and defendant both sought same relief of declaratory judgment that a law was valid).  "In making

its determination, the Court considers the same factors it considers for intervention as of right, as

well as: (1) whether the potential intervenors will benefit from intervention; (2) whether the

potential intervenors will contribute to the development of the underlying factual issues in the

action; and (3) whether intervention will unduly delay or prejudice the adjudication of existing

parties' rights."  *Gulino v. Bd. of Educ.*, 96 CV 08414, 2009 U.S. Dist. LEXIS 84677, at *13

(S.D.N.Y. Sep. 16, 2009).

Courts have found that intervention is appropriate in situations such as this where "[t]he

Movants' experience with these issues and full participation up to this point will help to provide

the Court with a full picture of the issues to be decided and will permit the issues to be fully and

thoroughly evaluated in an efficient, just, and speedy manner."  *Schaghticoke Tribal Nation v.*

*Norton*, No. 3:06cv81, 2006 U.S. Dist. LEXIS 42643, at *27 (D. Conn. June 13, 2006).

As discussed above, the non-release of the Parent Guarantee of Plaintiffs' notes will have

a direct and substantial effect on the Steering Committee's interests.  As the largest group of

creditors supporting the RSA and now the equity holders of the Company, the Steering

Committee's perspective and insight on the RSA and restructuring process will be beneficial to

the Court's full understanding of the transaction.  Additionally, the Steering Committee's

substantial involvement in the litigation to this point mitigates in favor of allowing it to intervene

and continue to participate.

## CONCLUSION

For the foregoing reasons, the Court should grant the Steering Committee's motion to intervene as of right in the above-captioned matter.  In the alternative, the Court should grant the Steering Committee's motion to permissively intervene.


January 6, 2015
New York, New York

_____

Antonia M. Apps

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax: (212) 530-5219

Aaron Renenger
1850 K Street, NW, Suite 1100
Washington, DC 20006
Phone: (202) 835-7500
Fax: (202) 835-7586

Attorneys for the Steering Committee for the Ad Hoc
Committee of Term Loan Lenders