```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARBLEGATE ASSET MANAGEMENT,
L.L.C., et al.,

              Plaintiffs,

         v.                           14 CV 8584 (KPF)

EDUCATION MANAGEMENT
CORPORATION, et al.,

              Defendants.

------------------------------x
                                      February 4, 2015
                                      3:00 p.m.
Before:

              HON. KATHERINE POLK FAILLA,

                                      District Judge

                       APPEARANCES

AKIN GUMP STRAUSS HAUER & FELD LLP
     Attorneys for Plaintiffs
BY:  SEAN E. O'DONNELL
     LUCY C. MALCOLM

WACHTELL, LIPTON, ROSEN & KATZ
     Attorneys for Defendant Education Management Corporation
BY:  EMIL A. KLEINHAUS
     ALEXANDER LEES

MILBANK, TWEED, HADLEY & MCCLOY LLP
     Attorneys for the Ad Hoc Committee of Term Loan Lenders of
Education Management
BY:  ANTONIA M. APPS
```

1             THE DEPUTY CLERK:  All rise please.
2             THE COURT:  Good afternoon.  Thank you very much.
3    Please be seated.
4             (Case called)
5             MR. O'DONNELL:  Good afternoon, your Honor.  May it
6    please the Court, Sean O'Donnell, Akin Gump.  And with me is
7    Lucy Malcolm.  We represent the plaintiffs in this proceeding.
8             THE COURT:  Okay.  Good afternoon.
9             MR. KLEINHAUS:  Good afternoon, your Honor, Emil
10   Kleinhaus, Wachtell Lipton.  I'm here with Alexander Lees.  We
11   represent the Education Management defendants.
12            THE COURT:  Good afternoon.
13            MS. APPS:  Good afternoon, your Honor, Antonia Apps of
14   Milbank.  We represent the Ad Hoc Committee of Term Loan
15   Lenders.
16            THE COURT:  All right, good afternoon to all of you.
17   Thank you for coming in this afternoon.  It does make more
18   sense that we meet today, rather than last Monday because it
19   was a little bit snowy.  So I appreciate your patience.  And I
20   really was doing it for your safety and no other reason.
21            Why don't we -- let's talk about what's been proposed.
22            Mr. O'Donnell, let me begin with you, sir.  I am
23   assuming, because I'm clever like that, that the prospects of
24   settlement are dim, and if and when they materialize you'll let
25   me know so I don't have to ask you about it; is that correct?

1           MR. O'DONNELL:  I can certainly confirm the latter
2    part of that, your Honor.
3           THE COURT:  All right, that's lovely.
4           Let's then talk about the stipulation.
5           What is confusing to me is the fact that when I look
6    at Rule 65 and they talk about combining the hearing or
7    allowing a hearing and the trial to sort of be in some
8    aggregated unit, I tend to think of that as a decision that's
9    made before the hearing takes place, as opposed to a situation
10   where after the hearing the parties say, okay, that plus these
11   materials is all we need.  So I'm not saying you can't do it,
12   and I guess I sort of have the view that if all the parties
13   consent, then there's, you know, it's kind of a waiver and I'm
14   not going to fight it, but I guess I'm just trying to
15   understand.  This is something we can do.  It just seems odd to
16   me to be doing it after the hearing has already taken place.
17          MR. O'DONNELL:  Yes, your Honor.
18          My understanding is, in fact, that it can be done
19   either before or after the proceeding, and that it can be done
20   by stipulation of the parties or sua sponte by the Court, and
21   that the analysis is really whether or not it would prejudice
22   the parties.  And since here it's being done by stipulation, I
23   think it would be certainly without prejudice.
24          THE COURT:  Okay, all right.
25          And, Mr. Kleinhaus, can I talk to you on that same

1     point.
2             MR. KLEINHAUS:  Sure.  I agree with what Mr. O'Donnell
3     said.  We did, in looking at this issue, look for cases that
4     involved stipulations or agreements after the PI stage, and we
5     did find such cases.  So we got comfortable that it doesn't
6     necessarily have to be done beforehand, but rather can be done
7     by agreement afterwards.  And in this particular situation
8     we've stipulated as well to add a few exhibits.  And we
9     stipulated on a schedule for limited supplemental briefing
10    before the matter is finally submitted.
11            THE COURT:  All right.  Well, while you're speaking,
12    let me ask you this.
13            MR. KLEINHAUS:  Sure.
14            THE COURT:  Do I understand, then, that the parties
15    are waiving any objections to any evidence that was introduced
16    at the preliminary injunction hearing?  I ask this question
17    because in some cases there are slightly different
18    admissibility standards between the preliminary injunction
19    hearing and let's say a trial.  I just want to make sure
20    everybody is of the view that everything that was admitted
21    either at the hearing or through the stipulation that the
22    parties are presenting to me now is appropriately admitted and
23    may be considered, and no one's going to later on object to it?
24            MR. KLEINHAUS:  Yes.  What's mentioned in the
25    stipulation, which is the exhibits at trial, including the

1   affidavits and the expert reports, we, and I believe the
2   plaintiffs, have stipulated are admissible.
3              THE COURT:  Okay.  Can I also ask -- and I'll direct
4   this to Ms. Malcolm because I know she's the brains of the
5   operation -- can I have, just so that I'm sure of it, a list of
6   all of the exhibits that I am to consider?  And I guess, Mr.
7   Lees, maybe I should be -- I don't know if I should direct this
8   to you as well, sir.  I know I was given a list at the close of
9   the hearing.  I was given a number of documents, then I was
10  told to not consider certain things.  My concern is simply that
11  as time has passed and the parties' views have evolved, I just
12  want to make sure I have the most complete list.  So may I
13  have, either jointly or separately, a list of what I am
14  supposed to consider?
15             MS. MALCOLM:  Yes.  I don't have it for you now, but
16  we'll confer with the defendants and intervenor and make sure
17  we get you one list of everything to consider.
18             THE COURT:  Okay.
19             MR. O'DONNELL:  I second that.
20             THE COURT:  Okay, terrific.  Thank you.  And just as
21  well, that was a little ploy on my part because it's my belief
22  that both of you should be speaking more in this courtroom, but
23  that's okay too.  I just did.  But that's fine.  And thank you
24  very much.
25             All right, so let me ask a couple -- I have notes to

1   myself, most of which are I think obviated by the discussion
2   we're now having, and some of these were prepared in advance of
3   the conference on Monday when I didn't have the stipulation to
4   look at.  So these issues have been resolved.
5              And I'm assuming parties are waiving any objections to
6   any procedural form that's envisioned by the stipulation.
7              The briefing schedule.  I have no problem with it.  I
8   just want to make sure that recent inclement weather hasn't
9   caused anybody to need to change the dates.
10             So, Mr. O'Donnell, I'll start with you because you're
11  in front of me.
12             MR. O'DONNELL:  Thank you, your Honor.  Not to our
13  knowledge.
14             THE COURT:  Okay.  And, Mr. Kleinhaus, you guys have
15  the -- I mean, you have the more aggressive schedule I might
16  argue.  So you're okay with it, Mr. Lees?
17             MR. LEES:  I got permission to answer.
18             THE COURT:  Excellent.
19             MR. LEES:  Yes.  We are comfortable sticking with
20  what's in the stipulation?
21             THE COURT:  Ms. Apps, I thought it was a joint
22  submission, so?
23             MS. APPS:  It is joint.  We're good.
24             THE COURT:  Okay, excellent.  And Mr. O'Donnell told
25  me he does not need more time.

1            Can I understand a little bit about this proposal, and
2   this is to you, Mr. O'Donnell.  The suggestion is that the
3   factual record is closed at the close of the briefing schedule,
4   but there is a possibility that plaintiffs could supplement the
5   record after receiving the brief from the defendants and
6   intervenors.  And I guess there's as well a companion provision
7   that the defendants and intervenors can supplement with
8   objections after your brief comes.  In at what point do I know
9   that all of the evidence that is in is supposed to be in?  Will
10  I know -- I mean, because there may be a reply brief sought,
11  there may not be a reply brief sought.  I just want to know
12  when I can start considering what I've been given to consider.
13           MR. O'DONNELL:  That's a great question, your Honor.
14           We're happy to coordinate with the parties and provide
15  a date certain as to when that record will be closed.  I think
16  because there is a companion provision and they're reserving
17  their rights to supplement as well, that it would be at some
18  point after our response is submitted.  Because they've
19  reserved their right not only to seek to put in additional
20  papers in response to our response, but also to supplement the
21  record if they think that's appropriate.
22           So my guess is that it would be at some point after we
23  submit our reply.  I'm happy to work with the other parties and
24  just simply advise the Court on a prompt basis.  If you want a
25  date certain, we can do that too.

1            THE COURT:  I appreciate the offer.  I don't think I
2   need a date certain.  I think I just need to let you know that
3   at some point I'd like to know when the factual record is
4   closed.  So as long as each of you here knows that somebody at
5   some point has to let me know that, that's great.  I just want
6   to make sure that I -- you know, because I don't want to be
7   basically waiting for more documents, only to learn they're not
8   coming.
9            MR. O'DONNELL:  We'll do that, your Honor.
10            THE COURT:  Okay, terrific.
11            To the best of my knowledge, that's really -- I
12   understand the big issue, by the way, is that I have to
13   actually sign the stipulation.  I have not forgotten about it.
14   I did just want to raise these issues with you before I did.
15            Those are the only concerns I had about the
16   stipulation and about the parties' proposal.
17            Is there anything else you want to raise with me since
18   you're all here?
19            Ms. Malcolm, anything?
20            MS. MALCOLM:  The plaintiffs have nothing else, your
21   Honor.
22            THE COURT:  Thank you very much.
23            MR. LEES:  We have nothing more.
24            THE COURT:  Okay.  Ms. Apps?
25            MS. APPS:  Nothing from the intervenor.

1          THE COURT:  All right.  Thank you very much.  I'm
2     sorry this was -- well, I'm not sorry.  This is a short
3     conference but very useful nonetheless.  Thank you very much
4     for coming this afternoon.
5          MR. O'DONNELL:  Thank you, your Honor.
6          (Adjourned)